IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMONT L. CALHOUN,

        Plaintiff,        No. 2:12-cv-2856 GEB EFB P

    vs.

M. GOMEZ, et al.,

        Defendants.        ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 7. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

////

////

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim. Thus, to proceed plaintiff must file an amended complaint.

The complaint (Dckt. No. 1) names as defendants M. Gomez, K. Young, and C. Heintschel. It does not identify any particular claims for relief, but alleges that defendants Gomez and Young "beat plaintiff out of retaliation" and that defendant Heintschel refused to consider certain evidence in a related Rules Violation Hearing. Plaintiff then summarizes defendants Gomez, Young, and Heintschel's reports regarding the alleged "beating," which describe plaintiff as the aggressor. Plaintiff alleges that the Gomez and Young reports are not true, but does not offer his own factual allegations regarding the alleged encounter with these defendants. The allegations in the complaint are too vague and conclusory to state a cognizable claim for relief.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id*. Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Although the complaint does not identify any claims for relief, plaintiff is hereby informed of the following legal standards that may be applicable to his intended claim or claims:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary

4

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). " Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted).

Negligence does not amount to a violation of a federal constitutional or statutory right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. "The Eighth

Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need

not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, it is hereby ORDERED that

1. Plaintiff's request to proceed *in forma pauperis* is granted.

////

1    2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: March 22, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE