1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JAMONT L. CALHOUN,

10             Plaintiff,                    No. 2:12-cv-2856-GEB-EFB P

11         vs.

12   M. GOMEZ, et al.,                       ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
13             Defendants.
     _____/

14

15         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

16   action under 42 U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has

17   filed an amended complaint.

18   I.    Screening Requirement and Standards

19         Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

22   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

23   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

24   relief."  *Id.* § 1915A(b).

25         A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

26   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short

and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order**

The court has reviewed plaintiff's amended complaint and for the limited purposes of § 1915A screening.  Liberally construed, the amended complaint states cognizable Eighth Amendment excessive force/deliberate indifference claims against defendants Young, Gomez, Merriweather and Green.

For the reasons stated below, the remaining allegations in the amended complaint must be dismissed.  In addition to the Eighth Amendment allegations against defendants Young, Gomez, Merriweather and Green, the amended complaint alleges that defendants Goodrich and

Kuppinger used excessive force against plaintiff, that defendant Edington failed to intervene when defendant Young and Gomez assaulted plaintiff, and that defendant Heintschel refused to take plaintiff's "defense into consideration" when addressing a rules violation report issued against plaintiff.  As explained below, the allegations against defendants Goodrich and Kuppinger must be dismissed from this action as improperly joined, and the remaining allegations fail to state cognizable claims for relief, and must be dismissed without leave to amend.

In the initial screening order, the court dismissed plaintiff's excessive force claims against defendants Young and Gomez, which, according to the amended complaint, arose on June 16, 2011.  In granting plaintiff leave to amend, the court warned that plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In the amended complaint, however, plaintiff attempts to improperly join unrelated excessive force claims Goodrich and Kuppinger.  The allegations against Goodrich and Kuppinger concern an incident that allegedly occurred on June 15, 2011.  *See* ECF No. 13 ¶¶ 13-15 (regarding alleged use of pepper spray and "retention chain").  The allegations against Goodrich and Kuppinger may not be properly joined in this action, as they involve a discrete event that does not arise out the same occurrence *and* involve a common question of law or fact, with the claim against Young and Gomez.[1]  *See* Fed. R. Civ. P. 20(a)(2).  This defect in the claim against Goodrich and Kuppinger could not be cured by further amendment, and must be dismissed without leave to amend.

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    In the initial screening order, the court also informed plaintiff that to state a claim under

2  42 U.S.C. § 1983, facts must be alleged showing two essential elements:  (1) that a right secured

3  by the Constitution or laws of the United States was violated, and (2) that the alleged violation

4  was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48

5  (1988).   In addition, an individual defendant is not liable on a civil rights claim unless the facts

6  establish the defendant's personal involvement in the constitutional deprivation or a causal

7  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

9  (9th Cir. 1978).  With respect to an Eighth Amendment excessive force claim, it is  "the

10  unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without

11  penological justification" that violates the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S.

12  337, 346 (1981).

13    In the amended complaint, plaintiff alleges that defendant Edington, a correctional

14  officer, was in the control booth when defendants Young and Gomez assaulted plaintiff.  ECF

15  No. 13 ¶ 22.  Plaintiff alleges that Edington "didn't tell them to stop assaulting" plaintiff.  *Id.*

16  Plaintiff's scant allegations against Edington are not sufficient to demonstrate that Edington had

17  any causal connection to the alleged used of excessive force by Young and Gomez, or that

18  Edington bore the requisite state of mind for such a claim.  Despite being notified of the requisite

19  legal standards, plaintiff fails to state a claim against Edington, and further leave to amend is not

20  warranted.

21    The initial screening order also noted plaintiff's allegation that defendant Heintschel had

22  refused to consider certain evidence during a Rules Violation Hearing.  In dismissing this claim

23  with leave to amend, the court explained that to state a claim for violation of the right to

24  procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a

25  constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

26  protections."  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  The court also explained

4

that in the context of a disciplinary proceeding where a liberty interest is at stake, due process

requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

445, 455 (1985).  The court explained that due process requires that the inmate receive: "(1)

advance written notice of the disciplinary charges; (2) an opportunity, when consistent with

institutional safety and correctional goals, to call witnesses and present documentary evidence in

his defense; and (3) a written statement by the factfinder of the evidence relied on and the

reasons for the disciplinary action."  *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

In his amended complaint, plaintiff again alleges that Heintschel "refused to take

[plaintiff's] defense into consideration" at a rules violation report hearing.  ECF No. 13 ¶ 24.

Despite notice of the legal standards governing due process claims, plaintiff does not plead any

additional facts regarding this claim against Heintschel.  Once again, the allegations fail to state

a claim for relief, and further leave to amend appears to be futile.

Accordingly, plaintiff may proceed only on the claims identified above against

defendants Young, Gomez, Merriweather and Green.  Claims against defendants Goodrich,

Kuppinger, Edington, and Heintschel, must be dismissed without leave to amend.  *See Lopez v.

Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

only required to grant leave to amend if a complaint can possibly be saved. Courts are not

required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United

States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if

no request to amend the pleading was made, unless it determines that the pleading could not be

cured by the allegation of other facts.").

**III.    Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that:

1.  The allegations in the pleading are sufficient at least to state cognizable Eighth

Amendment claims against defendants Green, Gomez, Merriweather and Young.  *See* 28 U.S.C.

§ 1915A.

2.  The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and one copy of the April 22, 2013 amended complaint.

3.  Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and five copies of the endorsed April 22, 2013 amended complaint.

4.  Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order may result in this action being dismissed.

Further, IT IS HEREBY RECOMMENDED that claims against defendants Goodrich and Kuppinger be dismissed from this action as improperly joined and that the claims against defendants Edington and Heintschel be dismissed from this action for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8    JAMONT L. CALHOUN,

9            Plaintiff,                    No. 2:12-cv-2856-GEB-EFB P

10           vs.

11   M. GOMEZ, et al.,

12           Defendant.                    NOTICE OF SUBMISSION OF DOCUMENTS

13   _____/

14           Plaintiff hereby submits the following documents in compliance with the court's

15   Screening Order:

16           ___1___        completed summons form

17           ___4___        completed forms USM-285

18           ___5___        copies of the endorsed April 22, 2013 amended complaint

19

20   Dated:

21                          _____
                                         Plaintiff
22

23

24

25

26