UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GOMEZ, et al.,<br><br>    Defendants. | No. 2:12-cv-2856-GEB-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff moves to substitute parties pursuant to Rule 25 of the Federal Rules of Civil Procedure. ECF No. 56. As explained below, the motion is denied.

**I.     Background**

On December 20, 2013, the United States Marshal returned service unexecuted as to defendant Merriweather on the grounds that the defendant is deceased. ECF No. 24. Plaintiff acknowledged receipt of this notice on January 21, 2014. ECF No. 27. He did not, however, file a formal suggestion of death in accordance with Rule 25 of the Federal Rules of Civil Procedure, which establishes the procedure to be followed if a party dies during the pendency of an action. *See* Fed. R. Civ. P. 25; *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

On April 9, 2014, the court issued findings and recommendations, which recommended dismissal of defendant Merriweather. ECF No. 40; *see also* Fed. R. Civ. P. 25(a)(1) (if motion

1

for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed").

Thereafter, plaintiff requested an extension of time within which to file a motion pursuant to Rule 25 of the Federal Rules of Civil Procedure. ECF No. 47. The court granted plaintiff's motion, and held the April 9, 2014 findings and recommendations in abeyance. ECF No. 49. Plaintiff filed a Rule 25 motion on July 30, 2014. ECF No. 56.

**II.     Discussion**

Plaintiff requests that defendant Merriweather by substituted by Jeff Macomber, the acting Warden of California State Prison, Sacramento. ECF No. 56 at 1. Plaintiff reasons that substitution of Warden Macomber is appropriate because he sued Merriweather in his official capacity, therefore Warden Macomber should be substituted as Merriweather's successor under Rule 25(d). *Id.* As discussed below, this is not an official capacity lawsuit and substitution of Macomber is place of Merriweather is not appropriate under Rule 25(d).

Rule 25(d) allows for a decedent's successor to be automatically substituted as a party if the decedent was named as a party in his official capacity. Substitution is thus proper where "the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States." *Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1952). Here, defendant Merriweather is alleged to have been a correctional officer (not a warden), and plaintiff complains about Merriweather's individual actions, and not about any laws or policies that Merriweather allegedly adopted or carried out. *See* ECF No. 13. Merriweather was not Warden Macomber's predecessor and there is no basis for holding Warden Macomber liable for the alleged actions of Merriweather.  Thus, substitution of Warden Macomber is not proper under Rule 25(d).

Nor is substitution of Warden Macomber proper under Rule 25(a)(1). The proper party for substitution under Rule 25(a)(1) is the legal representative of the deceased party, such as the executor of the deceased's will, or an administrator of his or her estate. *Mallonee*, 200 F.2d at 919-20. Warden Macomber may not properly be substituted for Merriweather under Rule 25(a)(1), as he is not Merriweather's legal representative.

1 | Accordingly, IT IS HEREBY ORDERED that plaintiff's Rule 25 motion (ECF No. 56) is
2 | denied.
3 | DATED: October 17, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE