UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GOMEZ, et al.,<br><br>    Defendants. | No. 2:12-cv-2856-GEB-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

On November 4, 2014, plaintiff filed a motion requesting "the most time that can be given to determine exactly who is in control of [deceased defendant Merriweather's] estate and what their names are." ECF No. 62 at 1. Plaintiff appears to be requesting additional time to obtain information and to file a second motion for substitution of parties. Defendants filed an opposition to plaintiff's motion. ECF No. 66. For the reasons that follow, it is recommended that plaintiff's motion be denied.

**I.    BACKGROUND**

On January 24, 2014, plaintiff informed the court that he had "receive[d] notice that [] Merriweather is deceased." ECF No. 27. Because no motion for substitution of Merriweather had been filed within 90 days of that notice, *see* Fed. R. Civ. P. 25(a)(1), findings and recommendations were issued on April 9, 2014, recommending that Merriweather be dismissed from this action. ECF No. 40. Plaintiff filed objections, ECF No. 41, and requested an extension

of time to file a motion for substitution under Federal Rule of Civil Procedure 25, ECF No. 47. The court granted the extension, ECF No. 49, and plaintiff subsequently filed his motion for substitution, ECF No. 56. Specifically, plaintiff's motion requested that the court substitute the Warden of California State Prison, Sacramento for Merriweather, as plaintiff was suing Merriweather in his official capacity. ECF No. 56 at 1; *see also* Fed. R. Civ. P. 25(d) (explaining that when a public officer who is a party in an official capacity dies, "[t]he officer's successor is automatically substituted as a party."). On October 30, 2014, the court denied plaintiff's motion for substitution and dismissed Merriweather from this action. ECF No. 61; *see also* ECF No. 60 (explaining that "this is not an official capacity lawsuit").

## II. ANALYSIS

While apparently ignoring the fact that the court has already dismissed Merriweather from this action, plaintiff's present motion suggests that he intends to file another motion for substitution, this time pursuant to Rule 25(a). However, Rule 25(a)(1) provides that if a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." *Id.* (emphasis added). Plaintiff received service of a statement noting Merriweather's death by at least January 24, 2014, as plaintiff informed the court on that date that he had "receive[d] notice that [] Merriweather is deceased." ECF No. 27. Thus, under Rule 25(a)(1), the court was required to dismiss Merriweather if plaintiff did not file a motion for substitution by April 24, 2014. Plaintiff's request to extend that deadline was granted, ECF No. 49, and he ultimately filed his motion for substitution which was denied and Merriweather was dismissed. ECF No. 61. Thus, a further extension of the deadline at this point serves no purpose.

Nor is there a showing of good cause. Even with the previous extension of 60 days, plaintiff still has not complied with the requirements of Rule 25(a)(1). Further, plaintiff was cautioned that "[t]he court is not inclined to grant additional requests for extensions of time." *See* ECF No. 49. In short, almost a year has passed since plaintiff received notice of Merriweather's death, and plaintiff is still requesting extensions of time to obtain information for another motion for substitution.

## III. RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for an extension of time (ECF No. 62) be denied as both moot and untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.

DATED:  January 5, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE