UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN, | No.  2:12-cv-2856-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  For the second time, the United States Marshal has returned process directed to defendant Green as unexecuted.  After the first attempt at service, the Marshal noted that the individual plaintiff was attempting to serve could not be located because "4 Greens [were] working [in the] area at [the] time of event in complaint."  ECF No. 26.  In filling out the information on the summons prepared for the second attempt, plaintiff added a first initial for defendant Green, along with a description of Green as a "dark skinned African American," in his "late 50's early 60's" with a "slim-skinny build," who works "A" yard and has been a correctional officer for more than twenty years.[1]  ECF No. 58.  Notwithstanding this additional identifying information, the Marshal again returned service unexecuted, simply noting, "unable to identify/locate."  *Id.*

---

[1] Plaintiff subsequently notified the court that Green has likely retired.  ECF No. 59.

1

1    The court's orders directing the Marshal to serve process upon defendant Green state that
2 the Marshal shall first attempt to secure a waiver of service before personally serving any
3 defendant. ECF No. 51 ¶ 2. It provides that if a waiver of service is not returned within 60 days,
4 the Marshal shall (1) personally serve that defendant without prepayment of costs under Rule 4 of
5 the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service
6 with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal
7 service. *Id.* ¶ 5. It is not clear from the form USM-285/Process Receipt and Return filed by the
8 Marshal on August 20, 2014 whether the Marshal complied with the above procedures. *See* ECF
9 No. 58 (noting only the following: "mailed 7/16/14 sent to CDCR SI 8/15/14 unable to
10 identify/locate 8/18/14").

11   Accordingly, the Marshal's Office is instructed to inform the court within 21 days from
12 the date of this order whether it has attempted to personally serve defendant Green after its
13 attempts to secure a waiver of service from Greene were unsuccessful.[2] The Marshal's Office
14 may comply with these instructions by filing an amended form USM-285/Process Receipt and
15 Return.

16 DATED: May 7, 2015.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] If information necessary to complete service is unavailable to the Marshal and cannot otherwise be obtained, discovery by plaintiff will be permitted to ascertain the whereabouts of defendant Green for service of process. If the court is subsequently satisfied that defendant Green cannot, with reasonable diligence, be served by means other than publication, the court may order service by publication. *See* Fed. R. Civ. P 4(e)(1); Cal. Civ. Proc. Code § 415.50(a).