UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>                    Plaintiff,<br><br>      v.<br><br>M. GOMEZ, et al.,<br><br>                    Defendants. | No.  2:12-cv-2856-GEB-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  On December 7, 2015, he notified the court that he had been transferred to California State Prison, Corcoran (Corcoran) from Correctional Medical Facility (CMF) in Vacaville.  ECF No. 85.  Plaintiff stated that he would be unable to proceed with his deposition, which was scheduled for December 16, 2015 at CMF.  *Id.* He further claimed that even if the deposition were rescheduled to take place at Corcoran, he would not be prepared to participate because he did not have his legal property.  *Id.*  On December 10, 2015, plaintiff filed a motion for a preliminary injunction requesting an order for the return of his legal property.  ECF No. 86.  Plaintiff again claims that without the legal property he will be unable to participate in his upcoming deposition.  *Id.*  Defendants oppose plaintiff's motion and represent that the property has now been returned to plaintiff.  ECF No. 87.  For the reasons stated below, the court recommends that the motion be denied.

/////

1  A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Defendants' opposition indicates that all of plaintiff's legal property was returned to him on December 8, 2015. ECF No. 87, Morgan Decl., Ex. A. Defendants also represent that on December 3, 2015, after being informed that plaintiff had been transferred to Corcoran, they re-noticed plaintiff's deposition to take place on December 22, 2015, at Corcoran. As plaintiff already has his legal property and is now housed at the same institution where his deposition is schedule to take place, his request for a preliminary injunction is moot.

/////

/////

2

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 86) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 21, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3