UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GOMEZ, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-2856-GEB-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  He has filed a second amended complaint, a motion to compel, and a "motion to extend discovery cut-off date."  *See* ECF Nos. 90, 91, 100.

**I.     Second Amended Complaint (ECF No. 90)**

This action proceeds on plaintiff's April 22, 2013 amended complaint alleging Eighth Amendment excessive force/deliberate indifference claims arising on June 16, 2011, against defendants Young, Gomez, and Green.  *See* ECF Nos. 13, 14, 61.  Defendants Gomez and Young answered the complaint on May 14, 2014.  ECF No. 44.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Once an answer or motion as enumerated above has been filed, a party may amend a pleading only by leave of court or by written consent of the opposing party.  *See* Fed. R. Civ. P. 15(a)(2).

1

On January 4, 2016, well after the 21 day deadlines contemplated by Rule 15(a)(1), plaintiff filed a second amended complaint. ECF No. 90. Plaintiff did not comply with Rule 15(a)(2) because he did not accompany the proposed second amended complaint with a motion to amend or a stipulation signed by all parties. Nor did plaintiff oppose or otherwise respond to defendants' motion to strike the second amended complaint as both unauthorized and futile. *See* ECF No. 94. Neither the claims nor the relief sought in the second amended complaint materially differ from the operative complaint and plaintiff's motivation for filing the second amended complaint is unknown. In accordance with Rule 15(a)(2), plaintiff's "second amended complaint" is stricken, and this action will proceed on the amended complaint filed April 22, 2013. ECF No. 13. Defendants' motion to strike (ECF No. 94) is therefore denied as moot.

**II.     Motion to Compel (ECF No. 91)**

Plaintiff moves to compel defendants Gomez and Young's responses to his first set of interrogatories and request for production. ECF No. 91. Defendants oppose the motion. ECF No. 93. Plaintiff did not file a reply.

Interrogatory number 13 asked: "C/O Young isn't true you had a son who committed suicide?" Defense counsel responded to the interrogatory by letter, informing plaintiff that the interrogatory was inappropriate, offensive, and irrelevant. ECF No. 93-1, Ex. D. In the abstract, it appears be both inappropriate and offensive. But plaintiff now seeks to justify this interrogatory by claiming he intends to show that Young retaliated against plaintiff with a "beating" because plaintiff asked him whether his son committed suicide. ECF No. 91 at 2. The fact that the question is facially offensive is what demonstrates its relevance to plaintiff's claim that he was beaten; i.e., it tends to establish a motive for the alleged response to plaintiff's offensive statement. Thus, plaintiff has shown that the information sought, however sensitive, is relevant to his excessive force claim against defendant Young because it could reveal a motive for the alleged use of force. Accordingly, plaintiff's motion to compel a "yes" or "no" response to this interrogatory is granted.

/////

/////

Interrogatory number 14 asked: "What is height, weight, age, badge number, number of years you've worked for CDCR, marital status, and how many children you have?" Plaintiff moves to compel a further response on the ground that defendant Young's response did not include his height. ECF No. 91 at 2. Defendants' opposition represents that defendant Young will provide plaintiff with his height in a supplemental response. ECF No. 93 at 5. As plaintiff did not file a reply, the motion to compel as to this request appears moot.[1]

Plaintiff also moves to compel further responses to interrogatory numbers 19, 21, and 25 directed to defendant Young, and interrogatory number 11 directed to defendant Gomez. These requests are generally harassing, accusatory, and argumentative in nature. Defendants' objections appear well-founded and their responses adequate. Plaintiff's motion fails to identify any adequate basis upon which to compel further responses. Accordingly, plaintiff's motion to compel is denied as to these requests.

**III.    Motion to Extend Discovery Cut-off Date (ECF No. 100)**

On February 25, 2016, plaintiff requested that the December 31, 2015 discovery deadline be extended. Defendants shall file a response to that motion within 21 days of the date of this order.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall strike the "second amended complaint" (ECF No. 90) and defendants' motion to strike (ECF No. 94) is denied as moot.
2. Plaintiff's motion to compel (ECF No. 91) is granted as to interrogatory number 13 directed to defendant Young and is otherwise denied. Defendant Young shall serve plaintiff with a further response to interrogatory number 13 within 21 days of the date of this order.

/////

---

[1] Plaintiff also requests that the DVD of his use of force interview be located and produced to him. Defendants' opposition represents that that the DVD has been sent to the litigation coordinator for plaintiff to view. ECF No. 93 at 1, n.1. Thus, the motion to compel as to this request also appears to be moot.

3

3. Defendants shall respond to plaintiff's "motion to extend discovery cut-off date" (ECF No. 100) within 21 days of the date of this order.

DATED: May 16, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE