UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN, | No. 2:12-cv-2856 GEB DB P |
| Plaintiff, | |
| v. | ORDER |
| M. GOMEZ, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff is proceeding on Eighth Amendment claims against defendants Green, Gomez, and Young in his amended complaint filed April 22, 2013. In May 2014, defendants Gomez and Young filed an answer to the amended complaint. On September 9, 2015, the court set an October 30, 2015 deadline for the parties to serve requests for discovery. (ECF No. 78.) However, that deadline, and others set out in the September 2015 scheduling order, was extended to August 19, 2016 after defendant Green answered the amended complaint in June. (See June 20, 2016 Scheduling Order, ECF No. 112.)

In a motion dated August 28, 2016, and filed here on August 31, plaintiff appears to seek an extension of the deadline to serve discovery requests. Plaintiff's motion is entitled "Plaintiff Seeks Leave to Modify Scheduling Order to Extend Cut Off Date." (ECF No. 117.) Plaintiff does not specify which date in the scheduling order he seeks to extend. He states that August 28

is the cut-off date. However, none of the dates set out in the June 20, 2016 scheduling order are August 28.  The court assumes plaintiff is seeking to extend the August 19, 2016 deadline to serve discovery requests.  Defendants filed no opposition to plaintiff's motion.

Federal Rule of Civil Procedure 16(b)(4) allows the court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.

Plaintiff states that he has been diligent but has had very limited access to the law library. He also complains about the "theft and destruction" of his legal materials.  While plaintiff fails to show what discovery he has been unable to conduct in the time given, the court finds plaintiff has made a minimal showing of good cause.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 31, 2016 motion to modify the scheduling order (ECF No. 117) is granted.  The dates set out in the court's June 20, 2016 scheduling order are extended as follows:

1. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than November 4, 2016.
2. The parties may conduct discovery until December 31, 2016.  Any motions necessary to compel discovery shall be filed by that date.
3. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than December 31, 2016.

////
////
////
////
////

4. Dispositive motions shall be filed on or before March 31, 2017. Motions shall be briefed in accordance with paragraph 8 of the order filed December 17, 2013 and Local Rule 230(l).

Dated:  October 7, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/calh2856.so eot